**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Orly Darel, | ) | |
| | ) | |
| Plaintiff, | ) | No. CV-06-2397-PHX-PGR |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| Dror Darel, | ) | |
| | ) | |
| Defendant. | ) | |

The plaintiff, a Canadian citizen, seeks in this action to domesticate a judgment for child and spousal support issued by a Canadian court; the complaint alleges that the Court has subject matter jurisdiction over this action solely pursuant to 28 U.S.C. § 1332. Having reviewed the complaint, the Court finds that the jurisdictional allegations therein are insufficient as a matter of law to establish the existence of diversity of citizenship jurisdiction. The Court will therefore require the plaintiff to file an amended complaint curing the pleading deficiencies. *See* 28 U.S.C. § 1653.

Since it is to be presumed that a cause of action lies outside of this Court's limited subject matter jurisdiction unless the contrary is established by the party

- 1 -

1 asserting jurisdiction, Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S.
2 375, 377, 114 S.Ct. 1673, 1677 (1994), the Supreme Court has long since, and
3 repeatedly, made clear that

> [t]he established rule is that a plaintiff, suing in federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment.

Smith v. McCullough, 270 U.S. 456, 459, 46 S.Ct. 338, 339 (1926); accord, Rilling v. Burlington Northern Railroad Co., 909 F.2d 399, 400 (9th Cir. 1990).

The jurisdictional allegation regarding the defendant's citizenship is facially inadequate because it merely states that the defendant is "a resident of the County of Maricopa, State of Arizona." As the Supreme Court has also made clear,

> [i]t has long been settled that residence and citizenship [are] wholly different things within the meaning of the Constitution and the laws defining and regulating the jurisdiction of the ... courts of the United States; and that a mere averment of residence in a particular state is not an averment of citizenship in that state for the purpose of [diversity of citizenship] jurisdiction.

Steigleder v. McQuesten, 198 U.S. 141, 143, 25 S.Ct. 616, 617 (1905); accord, Kanter v. Warner-Lambert Co., 265 F.3d 853, 857-58 (9th Cir. 2001) ("Plaintiffs' complaint ... state[s] that Plaintiffs were 'residents' of California. But the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency. ... [The] failure to specify Plaintiffs' state of citizenship was fatal to [the] assertion of diversity jurisdiction.")

Given the nature of this action, the Court will require the plaintiff to affirmatively set forth the following information in the amended complaint so that

the Court can determine whether it has diversity of citizenship jurisdiction: (1) the subsection of 28 U.S.C. § 1332 upon which the plaintiff is basing subject matter jurisdiction, (2) the country or countries of which the defendant is a citizen; (3) if the defendant is not a United States citizen, his immigration status in the United States, and (4) the state within the United States of which the defendant is a citizen.[1]

The plaintiff is advised that her failure to timely comply with this order shall result in the dismissal of this action without further notice for lack of subject matter jurisdiction. Therefore,

IT IS ORDERED that the complaint is dismissed for lack of subject matter jurisdiction and that the plaintiff shall file an amended complaint properly stating a jurisdictional basis for this action in conformity with this Order no later than **November 13, 2006**.

DATED this 24th day of October, 2006.

Paul G. Rosenblatt
United States District Judge

---

[1] Since the plaintiff is alleging that the judgment she seeks to domesticate was issued by the Court of Queen's Bench of Alberta, Judicial District of Edmonton, the Court will also require the plaintiff to correct or clarify in the amended complaint the allegations in the complaint, *i.e.*, paragraphs 13 and 15, which refer to the Superior Court of Ontario and the Province of Ontario.
    The plaintiff is advised that the capitalization of the parties' names in the caption of the complaint violates LRCiv 7.1(a)(3).