**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Orly Darel,<br><br>        Plaintiff,<br><br>vs.<br><br>Dror Darel,<br><br>        Defendant. | No. CV-06-2397-PHX-PGR<br><br>ORDER and OPINION |

    In an order (doc. #11) entered on October 25, 2006, the Court dismissed the complaint in this action, wherein the plaintiff seeks to domesticate a judgment for child and spousal support issued by a Canadian court, because the complaint failed to properly allege the existence of diversity of citizenship jurisdiction, the only alleged basis for subject matter jurisdiction.[1] The Court ordered the plaintiff to file an amended complaint properly stating a jurisdictional basis and warned the plaintiff that this action would be dismissed for lack of subject matter

---

[1] The complaint improperly alleged only that the plaintiff was a citizen of the Dominion of Canada and that the defendant was a resident of Maricopa County, Arizona.

- 1 -

1 jurisdiction if she did not do so.

2     In her Amended Complaint (doc. #13), filed on November 9, 2006, the plaintiff alleges that subject matter jurisdiction is present pursuant to 28 U.S.C. § 1332(a)(2) because both she and the defendant are citizens of the Dominion of Canada and of the State of Israel and that, "upon information and belief", the defendant "is a resident, citizen and domiciliary of the State of Arizona, and is in the United States either as a resident alien of the United States or holds a visa and resides in the County of Maricopa."

    Having reviewed the jurisdictional allegations of the Amended Complaint, the Court *sua sponte* finds as a matter of law that this action must be dismissed for lack of subject matter jurisdiction.  *See* Scholastic Entertainment, Inc. v. Fix Entertainment Group, Inc., 336 F.3d 982, 985 (9th Cir. 2003) (District court may *sua sponte* dismiss an action for lack of subject matter jurisdiction without notice and an opportunity to respond.)

    Although the federal courts have diversity jurisdiction over an action between "citizens of a State and citizens or subjects of a foreign state," 28 U.S.C. § 1332(a)(2), they clearly do not have diversity jurisdiction under Article III of the Constitution over an action in which a foreign plaintiff sues a foreign defendant. Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A., 20 F.3d 987, 991 (9th Cir. 1994); *see also*, Hodgson v. Bowerbank, 9 U.S. (5 Cranch) 303 (1809). In this case, both parties are clearly alleged to be citizens of foreign states.

    The Court concludes that it lacks diversity jurisdiction over this action even if the Amended Complaint is liberally construed as alleging that the defendant is a

permanent resident alien domiciled in Arizona.[2]  While the Court recognizes that one circuit court of appeals has concluded that diversity jurisdiction based on alienage can exist under § 1332 between a foreign national and a permanent resident alien pursuant to the amendment to § 1332 enacted by the Judicial Improvements and Access to Justice Act of 1988[3], *see* <u>Singh v. Daimler-Benz AG</u>, 9 F.3d 303 (3rd Cir. 1993), given the lack of authority on this issue from the Supreme Court and the Ninth Circuit, the Court adopts as better reasoned the view of those courts that have concluded that the amendment to § 1332 did not enlarge diversity jurisdiction so as to encompass actions between non-resident aliens and permanent resident aliens.  *See e.g.*, <u>Intec USA, LLC v. Engle</u>, __ F.3d __, 2006 WL 3093644 (7th Cir. Nov. 2, 2006) (Court, noting that the best reading of the amendment to § 1332 is that permanent resident aliens have both state and foreign citizenship, concluded that there was no diversity jurisdiction because a member of the plaintiff limited liability company was a permanent resident alien who retained his foreign citizenship and some of the defendants were alien corporations.); <u>Saadeh v. Farouki</u>, 107 F.3d 52, 61 (D.C.Cir. 1997) ("We ... conclude that the 1988 amendment to § 1332 did not confer diversity jurisdiction over a lawsuit between an alien on one side, and an alien and a citizen on the other side, regardless of the residence status of the aliens."); <u>Matsuda v. Wada</u>, 128 F.Supp.2d 659, 667 (D.Hawaii 2000) (Court concluded that there was no

---

[2] The Amended Complaint in fact alleges only that the defendant may be a "resident alien".  The Court does not know if the plaintiff equates being a "resident alien" with being a "permanent resident alien".  They are not in fact the same thing.

[3] The 1988 amendment to § 1332 deems permanent resident aliens to be citizens of the state in which they are domiciled.

diversity jurisdiction over an action between a plaintiff who was a citizen of Japan and a defendant who was both a citizen of Japan and a permanent resident alien domiciled in Hawaii notwithstanding the 1988 amendment to § 1332.)  Therefore,

IT IS ORDERED that this action is *sua sponte* dismissed for lack of subject matter jurisdiction.  The Clerk of the Court shall enter judgment accordingly.

DATED this 15th day of November, 2006.

Paul G. Rosenblatt
United States District Judge